403 A.2d 611

**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Brenda Sexton, Judy N. Boccelli and Jackuerian (Jacalyn) Bruno.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Decided May 18, 1979.

Petition for Allowance of Appeal Denied Sept. 5, 1979.

198

Edward J. Marcantonio, Philadelphia, for appellant.

Paul F. Lantieri, Philadelphia, for appellee State Farm Mut. Ins. Company.

No appearance entered nor brief filed for all other appellees.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

PER CURIAM:

On September 4, 1976, an automobile owned by Robert A. Feehery, who was insured by State Farm Mutual Automobile Insurance Company, (one of appellees) (State Farm) was involved in an accident as a result of which Judy N. Boccelli and Jackuerian (Jacalyn) Bruno were injured. The automobile was being driven at the time of the accident by Brenda Sexton, who had been granted permission to use the automobile by Virginia Feehery, the nineteen year old daughter of the owner of the automobile.

The issue in the case is whether Virginia had the implied permission of her father to permit Brenda to use the automobile, it being conceded that she did not have his (or her mother's) express permission to do so.

This action was initiated under the Uniform Declaratory Judgments Act 1923 June 18, P.L. 840, 12 P.S. 837 by Insurance Company of North America (INA), which was the insurer of Brenda's father, to have it declared that State Farm should defend any legal actions instituted by the victims against Brenda and pay any awards of damages that might be rendered in their favor against her to the limits of its policy. In its reply, State Farm, by way of cross-petition, sought a judgment declaring that INA provided the only coverage of Brenda. Following the taking of depositions and the filing of motions for summary judgment, the lower court granted the motion of State Farm and declared that it owed no coverage or duty to defend Brenda Sexton for any claim arising from the aforesaid accident. Plaintiff, INA, appealed.

■ The basis for the lower court's ruling was that it failed to find in the depositions any connection between the named insured in State Farm's policy, Robert A. Feehery,

and Brenda Sexton from which permission to use the automobile by Brenda could be implied. This is the crucial factor in such cases. *Belas v. Melanovich*, 247 Pa.Super. 313, 372 A.2d 478 (1977). At page 484 in that opinion, we find the following: "From these decisions it will be seen that the critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; proof of 'acts, circumstances and facts such as the continued use of the car', will be insufficient 'unless they attach themselves in some way to the acts' of the named insured".

■ In resolving that issue in the present case, the most we can gather from a close study of the depositions is as follows: The automobile in this case was a family car, one of two, used by Mr. Feehery and his wife, and occasionally by the daughter to run errands while she was at home. If she used it at night or otherwise, she required special permission. Virginia and Brenda were roommates at West Chester State College and on one or two occasions, Virginia, with permission of her father, had taken the car there for short periods; and during those periods had on one or two occasions permitted Brenda to use it without the father's knowledge. The same was true during the summer of 1976 when both girls were working in Ocean City, New Jersey and rooming together. In early summer of that year, Virginia was granted use of the car by her father so she could return home for a party; and in September she was also permitted to have the car to move her belongings from Ocean City to Delaware County where she resided. The father knew nothing about his daughter's granting Brenda permission to use the car once or twice for limited purposes while she had it at school or on the occasion in Ocean City when the accident occurred. The father did know Brenda was a roommate of his daughter at school and in Ocean City.

Under the foregoing statement of facts, we can find no sufficient connection between the father and the permissive use of the car by Brenda granted to her by Virginia to

satisfy the requirements set forth in *Belas v. Melanovich* (supra). The father's knowledge that his daughter and Brenda were roommates does not supply the necessary facts to establish that connection; nor, in our opinion, was the special permission given Brenda by her father to use the automobile to transport her belongings from Ocean City to her home of sufficient scope to include a right in Virginia to grant permission to Brenda to use the car.

Judgment affirmed.