529 A.2d 10

Joy CREED, Appellant,

v.

ALLSTATE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued March 9, 1987.

Filed July 27, 1987.

Thomas Bruno, II, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellee.

Before CIRILLO, President Judge, and BROSKY, WIEAND, OLSZEWSKI, DEL SOLE, MONTEMURO, TAMILIA, POPOVICH and JOHNSON, JJ.

DEL SOLE, Judge:

On June 25, 1979, a dog owned by Joy Creed was allowed to run loose and attacked and bit Justin Coffey, a minor. Suit was commenced on behalf of the minor by his parents and natural guardians against the Appellant. At the time of the incident, Appellant had a homeowner's insurance policy issued by Allstate Insurance Company, the Defendant-Appellee herein. The lawsuit filed on behalf of Justin Coffey sought damages for personal injury to Justin, derivative claims on behalf of his parents and natural guardians and in Count III thereof included a claim for punitive damages. Upon receipt of the Complaint, Ms. Creed forwarded the matter to Allstate Insurance Company and that company caused an appearance to be entered and undertook her defense. However, the company also advised her by letter dated March 13, 1980 that the policy in question, according to Allstate, only provided protection against claims for personal injury and property damage. The carrier further pointed out that there was a claim for punitive damages being made and that this claim was not covered under the terms of her homeowner's liability policy and any portion of a verdict which would be attributable to punitive damages would not be paid by Allstate.

As a result of the receipt of that letter, Ms. Creed secured the services of personal counsel to work with counsel secured by her insurance carrier in representing her interests in the subject lawsuit.

Ultimately, the time came for the settlement of the personal injury claims and the case was settled for the total sum of $102,000.00, $101,000.00 being paid by Allstate Insurance Company on its behalf and on behalf of its

insured and $1,000.00 being paid by Joy Creed, the insured, to settle the claims for punitive damages. The General Release executed on behalf of the minor contained the following language:

It is understood and agreed that this [is] a release of all claims, including, but not limited to, claims for person injuries, claims for property damage, claims for negligent infliction of emotional distress, claims for permanent injuries, claims for future damages, claims for compensatory damages, *claims for punitive damages*, and claims for medical payments under a certain policy insurance issued by Allstate Insurance Company to Joy Creed. (emphasis added).

Following the settlement of the personal injury action, Joy Creed began the instant lawsuit against Allstate Insurance Company claiming that it had breached its contract of insurance with her by failing to pay the claim for punitive damages, thus requiring her to make a $1,000.00 payment and, for breaching its duty to defend in the claim for punitive damages thereby causing her to retain counsel and incur expenses in the amount of $4,500.00. The Defendant filed appropriate responsive pleadings to the Plaintiff's Complaint. The matter was subsequently tried before a Board of Arbitrators resulting in a verdict in favor of the Defendant from which the Plaintiff appealed. A Motion for Summary Judgment was filed by each party along with supporting Affidavits and the trial court, in ruling on the Motions for Summary Judgment, entered judgment in favor of the Defendant-Appellee, Allstate Insurance Company. We affirm.

First, it is axiomatic in Pennsylvania that an insurer under a general liability policy has two duties to its insured. The first duty is to defend its insured against claims where the allegations are sufficient to bring those claims under the terms of the policy and the second duty is to pay that which it has agreed to pay in appropriate cases under the terms of the policy. *See D'Auria v. Zurich Ins. Co.*, 352 Pa.Super 231, 507 A.2d 857 (1986). The duty to defend is

however, limited only to those claims covered by the policy, "[t]hus, the insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy's coverage if they were true". *Id.*, 352 Pa.Superior Ct. at 235, 507 A.2d at 859.

The policy in question provides as follows:

**Losses We Cover**

We will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage by this part of the policy.

The policy further defines the terms bodily injury and property damages as follows:

"Bodily injury"—means bodily injury, sickness or disease, including resulting death, care and loss of services. "Property damage"—means physical injury to or destruction of tangible property, including loss of its use.

The Appellant herein argues that the carrier was required to pay claims for punitive damages but nowhere does the Appellant cite language in the contract of insurance where the Appellee agreed to indemnify the Appellant for punitive damage claims.

First, it must be pointed out that the question of whether a duty to indemnify arises depends upon the type of claim in issue. It should be noted that an inquiry into whether a loss is within policy coverage is a question of law and may be decided by motion for summary judgment. *See: D'Auria v. Zurich Ins. Co., supra; Patterson v. Reliance Ins. Co.,* 332 Pa.Super. 592, 481 A.2d 947 (1984); and *Insurance Company of North America v. State Farm Mutual Insurance Co.,* 266 Pa.Super. 197, 403 A.2d 611 (1979).

The Affidavits filed in support of the Motions for Summary Judgment support the Appellee's position that the Appellant's payment under the terms of the Release was made to satisfy the punitive damage claim. The Affiants to the Affidavits, the father of the minor victim and their counsel,

both state that at the settlement conference conducted by the trial court, the Coffeys insisted on the payment of $1,000.00 by the Appellant personally as punitive damages. There is no contest to this in any Affidavits filed on behalf of the Appellant. The affidavits coupled with the Release establish that the Appellant's payment was to settle the punitive damage claim.

■ Once having determined that the Appellant's payment to the Coffeys was in settlement of the claim for punitive damage, the only question remaining is whether the insurer had any obligation to pay the award for punitive damages. We find that it did not.

In Pennsylvania, punitive damages may be awarded for outrageous conduct based, in the case of intentional conduct, on the defendant's evil motive, or based on the defendant's reckless indifference to the rights of others. *Feld v. Merriam*, 506 Pa. 383, 393, 485 A.2d 742, 747 (1984). "Punitive damages must be based on conduct which is 'malicious, wanton, reckless, willful or oppressive', ... " *Id.*, 506 Pa. at 395, 485 A.2d at 747–748, *citing Chambers v. Montgomery*, 411 Pa. 339, 344–345, 192 A.2d 355, 358 (1963) and *Hugh v. Babcock*, 349 Pa. 475, 37 A.2d 551 (1944). In any case, it is evident that claims for punitive damages are based upon *conduct*. In *Feld v. Merriam, supra*, the Supreme Court of Pennsylvania adopted Section 908(2) of the Restatement (Second) of Torts, which provides in relevant part:

Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.

Clearly, the nature of punitive damage awards is designed to punish an individual litigant for misconduct and such awards are not bodily injury or property damage awards. Punitive damages are not intended to compensate the victim but to punish the actor. *Esmond v. Liscio*, 209 Pa. 200, 224 A.2d 793 (1966). In *Esmond v. Liscio, Id.*, 209 Pa. at 215, 224 A.2d at 798, it was clearly stated that an insurer owes no duty to idemnify an insured on an award of

punitive damages. There is no functional distinction or difference between punitive damages which arise from intentional conduct or reckless conduct. It is the conduct that is being punished not the victim that is being compensated.

Under the terms of the policy of insurance issued by Allstate, Allstate did not agree to indemnify its insured for claims for punitive damages. While we need not address the question of whether or not persons can insure themselves for punitive damage claims, we do hold that in this case, where the insurer has only agreed to indemnify for bodily injury and property damage, it has no obligation to provide indemnity for punitive damages. Having determined there is no coverage for punitive damages, there was no duty to defend that portion of the case and, consequently, there is no obligation to pay counsel fees. Therefore, the judgment is affirmed.

Order affirmed.