600 A.2d 608

Lisa STEINBACHER, Appellant,

v.

John PAGE, Jr., John Page, Sr. and American
States Insurance Company, Appellees.

Superior Court of Pennsylvania.

Argued June 20, 1991.

Filed Dec. 18, 1991.

Melinda F. Nowak, Lancaster, for appellant.

Mark E. Lovett, Lancaster, for appellee American States Ins.

Before ROWLEY, President Judge, and CAVANAUGH and WIEAND, JJ.

WIEAND, Judge:

Lisa Steinbacher was injured on August 11, 1986, when her vehicle collided with a 1974 Pontiac Firebird owned by John Page, Sr., and operated by John Page, Jr., in Lower Paxton Township, Dauphin County. She filed an action against the driver, alleging negligent operation of the vehicle, and against the owner, alleging negligent entrustment. She also sought a declaratory judgment that American States Insurance Company (American States) was obligated to provide coverage pursuant to a policy of automobile insurance which it had issued to John Page, Sr., the owner. American States denied coverage. Depositions were taken in the declaratory judgment action, the parties stipulated that the facts were not in dispute, and the case was submitted to the trial court for decision on cross-motions for summary judgment. The trial court found that there was no coverage and entered judgment in favor of American States. Steinbacher appealed.

The insurance policy issued by American States provided coverage for four vehicles owned by John Page, Sr. from July 24, 1986 to January 24, 1987. The 1974 Pontiac Firebird was not one of the vehicles for which coverage was purchased. The Firebird had been purchased on May 27, 1986, and was titled in the name of John Page, Sr. He had purchased the same for his youngest son, Troy, who would not reach his sixteenth birthday until January, 1987. Because the car was not to be driven on the public highways until that time, Page did not include it among those automobiles for which he purchased insurance.

On August 10, 1986, Page gave permission to his son, John, Jr., to take the 1974 Pontiac Firebird to school on the following day because John, Jr.'s car had broken down.

The owner-father intended to call his insurance agent on the morning of August 11, 1986, to list the Firebird as a covered vehicle, but he failed to do so until two days later. Meanwhile, the accident had occurred. Steinbacher argues that coverage nevertheless existed.

 Whether a loss is within policy coverage is an issue of law, which may be decided on motion for summary judgment. *Neil v. Allstate Ins. Co.*, 379 Pa.Super. 299, 302, 549 A.2d 1304, 1305 (1988), *allocatur denied*, 522 Pa. 578, 559 A.2d 38, 39 (1989); *Creed v. Allstate Ins. Co.*, 365 Pa.Super. 136, 140, 529 A.2d 10, 12 (1987), *allocatur denied*, 517 Pa. 616, 538 A.2d 499 (1988). In making this determination, we examine and resolve the intent of the parties as expressed in the insurance contract. See: *Donegal Mut. Ins. Co. v. Long*, 387 Pa.Super. 574, 595, 564 A.2d 937, 948 (1989), *allocatur granted*, 525 Pa. 657, 582 A.2d 323 (1990). Where the policy provisions are unambiguous, the courts must give effect to the language used. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983); *Neil v. Allstate Ins. Co.*, *supra*, 379 Pa.Superior Ct. at 311, 549 A.2d at 1309; *Huffman v. Aetna Life & Casualty Co.*, 337 Pa.Super. 274, 281, 486 A.2d 1330, 1334 (1984).

 The policy terms defining a covered automobile in the instant case were as follows:

**"Your covered auto"** means:

(a) Any vehicle shown in the Declarations.

(b) Any vehicle of which you acquire ownership during the policy period provided:

1. If the vehicle you acquire is a **family car** or **trailer,** you must ask us to insure it either during the policy period or within thirty days after you become the owner.

2. If the vehicle you acquire is not a **family car** or **trailer,** you must ask us to insure it within thirty days after you become the owner. If the vehicle replaces one shown in the Declarations, you have to ask us to

insure it within thirty days only if you wish Damage to Your Auto Coverage to apply to the replacing vehicle. Under (b) 1 and 2 **your covered auto does not** include any vehicle for which you have other insurance. It also does not include any additional vehicle of which you acquire ownership during the policy period unless we insure all the vehicles you own as of the date you become the owner of an additional vehicle.

(c) Any **trailer** you own.

(d) Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction.

The 1974 Pontiac Firebird was not a vehicle "shown in the Declarations" and was not a vehicle which the insured had asked the company to insure. The Firebird also could not qualify as a "temporary substitute" vehicle because it was owned by the insured. Only a vehicle not owned by the insured could be a "temporary substitute" vehicle. This language was clear and unambiguous. The 1974 Pontiac Firebird was not a covered vehicle.

Appellant argues that John Page, Sr., and John Page, Jr., were nevertheless "covered persons" under the policy. John Page, Sr., was clearly a "covered person." However, he was not covered for an accident involving the 1974 Pontiac Firebird, for such coverage was specifically excluded. Under exclusion § 10, the insurer "[did] not provide Liability Coverage:"

10. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by you or furnished or available for your regular use.

It is clear, therefore, that the policy provided no liability coverage for the ownership or use of any vehicle owned by the named insured other than those which were covered by the policy. The 1974 Pontiac Firebird was owned by John Page, Sr., and it was not a covered vehicle. Exclusion § 10 was applicable to exclude liability coverage on the vehicle irrespective of the identity of the person using the vehicle.

Accord: *Bohannon v. Aetna Casualty & Sur. Co.,* 166 Cal.App.3d 1172, 1175, 212 Cal.Rptr. 848, 850 (1985).

The exclusion had equal application to John Page, Jr. The exclusion, as the trial court sagely observed, did "not depend in any way on who is using the vehicle and to so construe [the exclusion] would torture [its] plain meaning." The vehicle was owned by the named insured and was not a covered vehicle. With respect thereto, there was no liability coverage. Accord: *Bohannon v. Aetna Casualty & Sur. Co., supra* at 1175, 212 Cal.Rptr. at 850.

Exclusion $ 11 referred to vehicles owned by or furnished or available for the regular use of any family member. It had no application to the facts of the instant case. The 1974 Pontiac Firebird was neither owned by a family member nor available for the regular use of a family member. Even if it were, however, there would be no liability coverage. The vehicle was not a covered vehicle and did not become a covered vehicle merely because it was used by a family member.

The policy did not provide coverage for John Page, Sr., with respect to Steinbacher's claim that he negligently entrusted the 1974 Pontiac Firebird to John Page, Jr. Such coverage was provided by the policy only "with respect to legal responsibility for acts or omissions of you [the named insured] or any family member *for whom coverage is afforded under this Part [A]."* (emphasis added). As we have already observed, no liability coverage was afforded with respect to a cause of action by a third person arising out of the use of the 1974 Pontiac Firebird on August 11, 1986.

Judgment affirmed.