476 A.2d 1334

PROVIDENCE WASHINGTON INSURANCE COMPANY

v.

Ruth ROSATO, Administratrix of the Estate of Marissa Rosato and Michael J. Coyle.

Appeal of Ruth ROSATO, Administratrix of the Estate of Marissa Rosato.

Superior Court of Pennsylvania.

Argued Jan. 10, 1984.

Filed May 11, 1984.

See also, 328 Pa.Super. 278, 476 A.2d 1328.

Edward F. Silva, Philadelphia, for appellant.
Ed McCandless, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

The question presented on appeal is whether a passenger in a vehicle insured under a "garage fleet policy" can stack or cumulate uninsured motorist coverages where (1) the policy limits liability to single coverage, (2) she is not a named insured or premium payor under the policy, and (3) she is an insured only because she was occupying the insured vehicle. We hold that she cannot stack uninsured motorist coverages and, accordingly, affirm the order of the court below.

■ On October 14, 1979, at approximately 1:30 a.m., Michael Coyle was operating a motorcycle on Conestoga Road in Radnor, Pennsylvania, when he was struck from behind by a negligently operated uninsured vehicle. Both Coyle and his passenger, Marissa Rosato, sustained injuries. Rosato's injuries resulted in her death approximately 18 hours after the accident. Coyle's motorcycle was owned by his employer, Wright Enterprises, Inc. d/b/a Devon Honda (Devon Honda), a motorcycle dealer. Coyle had borrowed the motorcycle for personal purposes, unrelated to Devon Honda's business. The motorcycle bore dealer tags registered to Devon Honda and was one of ten motorcycles insured by Devon Honda under a "garage fleet policy" with appellee, Providence Washington Insurance Company. The policy provided uninsured motorist coverage on each motorcycle of $15,000 for each person and $30,000 for each accident. Subsequent to an arbitration hearing held on October 14, 1981, the arbitrators, on October 21, determined that cumulative coverages existed in the amount of $150,-000/300,000 (multiplying the ten dealership tags by the minimum financial responsibility limits) and awarded $32,-500 to Coyle and $150,000 to appellant, Ruth Rosato, as administratrix of the estate of Marissa Rosato. On November 12, 1981, appellee petitioned to modify the arbitrators' award, alleging that the arbitrators committed an error of law in permitting cumulative coverage. On May 20, 1982,

the lower court modified the arbitration award by reducing Rosato's award to $15,000, the minimum coverage.[1] This appeal followed.

■ The Pennsylvania Uninsured Motorist Act provides, in relevant part:

No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law *for bodily injury or death suffered by any person* arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of "The Vehicle Code", act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom,

. . . .

40 P.S. § 2000(a) (footnote omitted) (emphasis added). The legislative intent behind this act was noted by our Supreme Court in *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968):

The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers. The amount of the coverage to be afforded by the uninsured motorist feature of the policy is set by the statute, but nowhere, explicitly or implicitly, does the act place a

---

**1.** The award of $32,500 to Coyle was confirmed by the lower court and is not in dispute on appeal.

Because the question of cumulative coverages is a question of law, the lower court had the power to hear the petition to modify the arbitration award and the issue is properly before us on appeal. *See Novoseller v. Royal Globe Insurance Company*, 317 Pa.Superior Ct. 217, 221, 463 A.2d 1163, 1165 (1983); *Davis v. Government Employees Insurance Company*, 296 Pa.Superior Ct. 198, 202, 442 A.2d 727, 729 (1982).

limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.

In *Pattani v. Keystone Ins. Co.*, 426 Pa. 332, 231 A.2d 402 (1967), we quoted with approval the language of *Katz v. American Motorists Ins. Co.* [244 Cal.App.2d 886], 53 Cal.Rptr. 669 (1966), that such statutes are "designed to give monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others." We there declared for liberal construction of the statute in order to achieve the legislative intent, and we here adhere to that declaration.

*Id.*, 429 Pa. at 395, 241 A.2d at 115. *Accord, Novoseller v. Royal Globe Insurance Company*, 317 Pa.Superior Ct. 217, 221–222, 463 A.2d 1163, 1165 (1983). The Uninsured Motorist Act allegedly ensures that innocent victims recover the damages they would have received had the uninsured tortfeasor maintained liability insurance. *Bankes v. State Farm Mutual Automobile Insurance Company*, 216 Pa. Superior Ct. 162, 168, 264 A.2d 197, 199 (1970). "The Act does not place any statutory maximum on the amount of coverage any individual insured can obtain, only the minimum amount of coverage each insurance policy must provide." *Antanovich v. Allstate Insurance Company*, 320 Pa.Superior Ct. 322, 340, 467 A.2d 345, 354 (1983).

 Because of this legislative intent and the absence of any statutory maximum, our courts have conclusively determined that an insured may stack uninsured motorist policies. In *Harleysville Mutual Casualty Company v. Blumling, supra*, 429 Pa. at 395–96, 241 A.2d at 115, our Supreme Court stated that "where the actual loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss." *See also Novoseller v. Royal Globe Insurance Company, supra* (stacking of insurance coverages is permissible in Pennsylvania). Stacking allows

the injured insured to obtain the full benefit of all coverage paid for in premiums. *Parker v. State Farm Insurance Company,* 543 F.Supp. 806 (E.D.Pa.1982). Attempts by insurance companies to preclude stacking through exclusionary or limitation of liability clauses have been expressly rejected by our courts. *See, e.g., State Farm Mutual Automobile Insurance Company v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978) (exclusionary clause prohibiting an insured's recovery if the injury was sustained in a vehicle owned by a member of his household held invalid); *Harleysville Mutual Casualty Company v. Blumling, supra,* 429 Pa. at 396, 241 A.2d at 115 (automobile insurer could not avoid its statutorily imposed liability by unilaterally inserting a liability-limiting clause). In *Sones v. Aetna Casualty and Surety Company,* 270 Pa.Superior Ct. 330, 334, 411 A.2d 552, 554 (1979), we stated:

> [A] liability-limiting provision in a policy, the effect of which is to prohibit and preclude *an injured person who is an insured under the policy* from pyramiding or cumulating the separate uninsured motorist coverages available to him is in derogation of and repugnant to the uninsured Motorist Act which requires uninsured motorist coverage in all policies of insurance with respect to each motor vehicle insured.

(Emphasis added). *See also Utica Mutual Insurance Company v. Contrisciane,* 504 Pa. 328, 337, 473 A.2d 1005, 1010 (1984). Here, Clause III of appellee's insurance policy limits appellee's liability to single coverage:

> Regardless of the number of (1) persons or organizations who are insureds under this policy, (2) persons who sustain bodily injury, (3) claims made or suits brought on account of bodily injury, or (4) highway vehicles to which this policy applies.
>
> (a) The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each

person", the limit of liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.

This clause is clearly invalid and cannot be enforced to preclude stacking in the instant case.

■ The next question presented is whether stacking should be precluded because appellant's decedent was an unnamed insured who paid none of the premiums under the policy at issue. In *State Farm Mutual Automobile Insurance Company v. Williams, supra,* our Supreme Court allowed the named insured, who had already received the maximum under his wife's uninsured motorist policy, to recover the remainder of his actual loss under his own uninsured motorist policy. The Court thereby rejected an exclusionary clause which prohibited all recovery by the insured if the insured was occupying a motor vehicle owned by a resident of his household at the time of the accident. In holding the clause invalid, the Court concluded:

The insured may recover uninsured motorist benefits:

1. If the insured party paid the premiums of the policy and was the named insured; and

2. If the recovery under the second uninsured motorist coverage was limited to actual damages; and

3. If the recovery is not limited by the statutory exclusions.

*Id.* 481 Pa. at 143, 392 A.2d at 287. Following *Williams,* the courts debated whether the first criterion noted above was to be strictly adhered to or whether an unnamed insured under the policy who did not pay the premiums could nevertheless cumulate uninsured motorist coverages. In *Sones v. Aetna Casualty and Surety Company, supra,* we allowed a passenger injured in her husband's automobile to stack uninsured motorist coverages because she was an insured under her husband's policy, even though her husband paid the premiums for his three covered automobiles. We stated:

The Supreme Court [in *Williams*] ruled that the uninsured motorist statute mandates a floor of minimum protection to be afforded to the owner or operator of a motor vehicle within the state and that while the legislature has permitted enhancement of that minimum, *the statute does not permit a diminution of that protection.* 270 Pa.Superior Ct. at 333–34, 411 A.2d at 553–54 (emphasis in original). In *Michael v. The Aetna Casualty and Surety Company,* 6 D. & C.3d 691 (Philadelphia Co.1978), *aff'd,* 272 Pa.Superior Ct. 622, 422 A.2d 699 (1979), the insured was driving a city-owned vehicle in his capacity as a police officer when he was struck by an uninsured vehicle. The court allowed the injured officer to stack uninsured motorist benefits for his two personally-owned automobiles, stating: "The legislative intent in enacting the uninsured motorists law . . . requires a liberal construction of the statute, and a pronounced propensity . . . to find coverage unless equally strong legal or equitable considerations to the contrary are present." *Id.* at 694, *quoting Sands v. Granite Mutual Insurance Company,* 232 Pa.Superior Ct. 70, 80, 331 A.2d 711, 716 (1974). In *Marchese v. Aetna Casualty and Surety Company,* 284 Pa.Superior Ct. 579, 426 A.2d 646 (1981), an automobile dealer's employee was driving a dealerowned vehicle with license plates assigned to him by the dealer when he was injured in a collision with an uninsured vehicle. The "garage" policy of insurance issued to the dealer covered 20 "dealers plates" owned by the dealer who paid 20 premiums for uninsured motorist coverages. In allowing the employee to stack uninsured motorist coverage for the 20 plates even though he did not pay the premiums and was not a named insured, this Court found that: (1) it was definitely provided in the policy that the employee was one of the persons to whom a dealer's plate would be issued for use on a vehicle owned by his employer; and (2) in light of *Sones* and *Michael,* payment of the premium by the injured party was not a "condition precedent to recovery in all cases." *Id.,* 284 Pa.Superior Ct. at

585, 426 A.2d at 649. Recently, our Supreme Court conclusively decided the issue in *Utica Mutual Insurance Company v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), *aff'g in part and rev'g in part* 312 Pa.Super. 549, 459 A.2d 358 (1983). In *Utica,* the Court stated that the *Williams* criteria were "not absolute conditions precedent to recovery in all cases" but "merely defined one group of persons who were entitled to stack coverages". 504 Pa. at 328, 340, 473 A.2d at 1005, 1011. Therefore, the instant appellant cannot be precluded from stacking solely on the basis that appellant's decedent was not a named or designated insured nor a premium-payor.

■ That does not end the matter, however, because the *Utica* Court did not hold that all insureds could stack coverages. In *Utica,* the decedent was operating his employer's automobile when he was involved in a minor traffic accident with another vehicle. A police officer arrived at the scene and the decedent was standing beside the police car when he was struck and killed by the uninsured vehicle. Under the Utica policy which covered 15 of the employer's vehicles, the decedent could be considered an insured only if he was "occupying" the insured vehicle. Although the Court found that the decedent was "occupying" the insured vehicle, it held that "a person who is insured only because he is an occupant in a vehicle insured under a fleet policy is [*not*] entitled to stack coverages." *Id.,* 504 Pa. at 337–338, 473 A.2d at 1010 (emphasis added). The *Utica* Court distinguished between the three classes of insureds contained in most uninsured motorist policies: (1) "class one" includes "the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either"; (2) "class two" includes "any other person while occupying an insured highway vehicle"; and (3) "class three" includes "any person with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under [(1)] or [(2)] above." *Id.,* 504 Pa. at 338, 473 A.2d at 1010. In

holding that "class two" insureds could not stack, the Court reasoned that:

> Since the decedent here asserted nothing more than "class two" coverage, his entitlement arose from his temporary status as an occupant, rather than from his being a specifically intended beneficiary of the insurance policy. Therefore there is no basis upon which to allow his estate to stack the coverages applicable to the other vehicles, and his recovery under the Utica policy is limited to the 15,000 dollar coverage applicable to the vehicle he was operating.

*Id.*, 504 Pa. at 339, 473 A.2d at 1011 (footnote omitted).[2] In the instant case, Clause II of appellee's policy provides that persons insured under the policy would include:

(a) the named insured and any designated insured and, while residents of the same household, the spouses and relatives of either;

(b) *any other person while occupying an insured highway vehicle;* and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

(Emphasis added). Clause V of the policy defines the term "occupying" as "in or upon or entering into or alighting from" and also defines the term "insured highway vehicle" as any automobile owned by the named insured, and any highway vehicle to which are attached dealer's license plates issued to the named insured. Here, the decedent was riding on the insured motorcycle when she was struck and killed by the uninsured vehicle. Clearly then, the instant decedent would be considered a "class two" insured by the *Utica* Court; therefore, appellant is precluded from stack-

**2.** The *Utica* Court "expressly reserve[d] for another day the questions of whether a 'class one' insured may stack coverages under a fleet policy, and whether the owner and/or officers of a corporation are 'class one' insureds under a policy issued in the name of a corporation." 504 Pa. at 328, 338 n. 4, 473 A.2d at 1005, 1010 n. 4.

ing uninsured motorist coverages on the ten motorcycles insured under the Providence Washington fleet policy.

Accordingly, we affirm the lower court's order reducing Rosato's award to $15,000, the minimum coverage.

Affirmed.