621 A.2d 654

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee,

v.

Timothy BROUGHTON, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 4, 1992.

Filed March 2, 1993.

Mati Jarve, Cherry Hill, NJ, for appellant.

Sean M. Corr, Warminster, for appellee.

Before ROWLEY, President Judge, and CAVANAUGH, CIRILLO, OLSZEWSKI, DEL SOLE, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CAVANAUGH, Judge.

██ Appellant Timothy Broughton appeals from an order granting summary judgment to the appellee State Farm Mutual Automobile Insurance Company. The ultimate issue in this appeal is as follows:

> Whether it is against the public policy of this Commonwealth for an insurer to reduce, dollar for dollar, the uninsured motorist coverage payments made to a guest passenger with liability coverage payments made under same policy to the same guest passenger if both the host driver and another uninsured driver are jointly liable for the injuries suffered by the passenger.

Resolution of this issue requires us to revisit the typically troublesome area of the interrelated requirements of the Uninsured Motorists Coverage Act, 40 Pa.C.S.A. § 2000 et seq. (UMCA) and the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. (MVFRL) Our review of this area indicates that summary judgment was appropriately granted. We affirm.

This issue arose in the context of a declaratory judgment action instituted by appellee State Farm against appellant Broughton. The parties stipulated to the following facts. On May 28, 1988, Broughton was injured in a two vehicle accident while riding as a passenger in a vehicle owned by State

Farm's named insured, Nellie Rawlings, and operated by Theodore Rawlings. The other vehicle involved in the accident was uninsured and there is no other insurance available to Broughton. It is claimed that both Theodore Rawlings and the uninsured motorist were negligent and caused the accident.

Broughton sued Theodore Rawlings for negligence and settled the action for a payment of $50,000, which represented the limits of liability coverage under the State Farm policy. However, since Broughton's damages exceed this amount, Broughton then sought to recover under the uninsured motorist coverage of the State Farm policy. State Farm refused the claim, relying on the following policy provision:

If the bodily injury arises out of the ownership, maintenance or use of:

a. an uninsured motor vehicle, any amount payable under this coverage [uninsured motorist coverage] shall be reduced by any amount paid or payable to or for the insured:

(1) by or for any person or organization who is or may be held legally liable for the bodily injury to insured;

State Farm argued that this provision clearly provides for an offset of all amounts paid to the injured person under the liability coverage against any amount to be paid to him under the uninsured motorist coverage. Since the uninsured motorist coverage limit was $25,000 and Broughton had already received $50,000 in liability coverage, State Farm argued that the effect of the offset provision would be to eliminate any recovery under the uninsured motorist provision.

Broughton countered by arguing that the set-off provision should not be enforced to deny him uninsured motorist benefits. He argued that as an occupant of the insured vehicle at the time of the accident, he falls within the policy identification of an "insured" in the uninsured motorist provision of the policy and is, therefore, due the benefits provided for in that coverage. He asserted that to enforce the set-off and deny him these benefits would contravene the policy underlying mandatory uninsurance coverage.

The trial court entered summary judgment for State Farm, finding the policy provision to be both clear and enforceable. The court summarily dismissed appellant's contention that the set-off provision should not be enforced, citing to the recent decision of a panel of this court in *Kovaleski v. Erie Insurance Group*, 398 Pa.Super. 519, 581 A.2d 585 (1990), in which the court allowed a set-off of liability payments against underinsurance payments.

Since the parties in the instant case have stipulated to all the material facts, our review of the trial court's entry of summary judgment in this case is limited to a determination of whether the trial court erred as a matter of law in deciding that the set-off provision in State Farm's policy is enforceable and, therefore, that judgment for State Farm should be entered.

The appellant argues that the set-off provision *sub judice* violates public policy. Although tacitly admitting that several recent cases seem to militate against this position, the force of appellant's argument is that prior case law is distinguishable because this case involves a two vehicle accident, and the benefits sought are uninsured benefits as opposed to underinsurance benefits. The appellant also argues that as the insurance policy *sub judice* defines an insured as "any person while occupying your car ...," his right to collect both liability and uninsured coverage benefits is predicated on his position as an insured individual.

We have thoroughly addressed the thrust of appellant's argument in a companion case, *Jeffrey v. Erie Insurance Company*, 423 Pa.Super. 483, ——, 621 A.2d 635 (1993), and we rely on the reasoning therein presently.

We also find unpersuasive appellant's argument that his alleged status as an "insured" militates in favor of his position. The appellant's claim that he is an insured under the policy derives from the policy's terminology, which treats as an insured any occupant of the vehicle during an accident. However, notwithstanding the policy's treatment of an occupant as "insured" under the policy, the tenor of our law does

not treat someone in the appellant's situation as a "class one" insured.

In *Selected Risks Ins. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989), the Supreme Court rejected an analogous argument. In *Thompson*, a volunteer fireman with the New Galilee Volunteer Fire Department, while responding to an alarm, was involved in a collision with an uninsured motorist. He suffered severe injuries as a result. The Fire Department was covered by an insurance policy that covered six vehicles. The policy was issued in the name of the department and no individuals were specified as named insureds. The fireman claimed that since the department was the "designated insured" under the policy, and because he was a member of that department, he was a "class one" insured and pursuant to *Utica Mutual Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), thus entitled to stack the uninsurance coverage on each of the six vehicles.

On appeal, the Supreme Court rejected that argument, and held that the fireman was a "class two" insured. *Thompson, supra*, 520 Pa. at 141, 552 A.2d at 1387. The Court first found that a volunteer fire department is a quasi-governmental unit, and accordingly, the insurance policy covering the six vehicles was essentially a fleet policy issued to a governmental unit. *Id.* The Court pertinently then declared as follows:

> Consequently, because the policy under which the appellee sought coverage was a fleet policy with no explicit designation of insureds, appellee's entitlement to coverage was predicated on his occupation of a vehicle: a "class two" status. Thus, appellee did not enjoy a recognizable contractual relation with S.R.I., and there was no basis upon which to allow him to stack the coverages applicable to the other vehicles. Therefore, his recovery under the S.R.I. policy is limited to the $30,000 coverage applicable to the vehicle he was occupying at the time of the accident. . . . *Id.*

While it is true that this case was decided in the context of a fleet policy, we believe the court's pronouncements apply also to the case *sub judice*. The appellant is not specifically designated as an insured in the policy. Rather, the appellant's

claim to be an insured is solely predicated on his occupancy of the motor vehicle. Moreover, there is no contractual relationship between the insurer and the appellant. We will follow the lead of the *Thompson* Court by not elevating form over substance.[1] We find the argument that the appellant is a "class one" insured unpersuasive.

Order affirmed.

Ford Elliott, J., concurs in the result reached by the majority.

Del Sole, J., files a Dissenting Opinion.

DEL SOLE, Judge, dissenting:

For the reasons expressed in my dissenting opinion in *Jeffrey v. Erie Insurance Exchange*, 423 Pa.Super. 483, 621 A.2d 635 (1991), I dissent.

1. We note that our decision is also in comport with a panel decision of this Court, *Providence Washington Ins. Co. v. Rosato*, 328 Pa.Super. 290, 476 A.2d 1334 (1984). In *Providence*, we declared that a guest passenger was not made a "class one" insured simply because the policy language in that case defined an insured to include "any other person while occupying an insured highway vehicle." *Id.* at 299, 476 A.2d at 1339. Presently, we note the policy language *sub judice* is substantially the same as that in *Rosato*, predicating coverage on the appellant's temporary status as an occupant of the vehicle.