678 A.2d 398

**Stella and Frank PEMPKOWSKI, Appellees**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 13, 1996.

Filed June 7, 1996.

James T. Moughan, Plymouth Meeting, for appellant.

Anthony J. Baratta, Jenkintown, for appellees.

Before McEWEN, President Judge, and TAMILIA and BROSKY, JJ.

McEWEN, President Judge.

This appeal has been taken by State Farm Mutual Automobile Insurance Company from the entry of summary judgment in favor of appellees, Stella and Frank Pempkowski, in this declaratory judgment action instituted by appellees to determine whether appellant, State Farm, was obligated to provide uninsured motorist benefits to Stella Pempkowski, a class-one insured [1] under the policy issued to appellees, Stella and Frank Pempkowski, by State Farm, where appellees had

---

1. Class-one insureds are (1) the named insured, (2) any designated insureds, and (3) spouses and relatives of either, while they are residents of the same household. *Jeffrey v. Erie Insurance Exchange*, 423 Pa.Super. 483, 499–501, 621 A.2d 635, 644 (1993) (en banc), *allo. denied*, 537 Pa. 651, 644 A.2d 736 (1994).

already collected the limits of the liability coverage provided under the policy. We find that State Farm was not obligated by the policy of insurance it had issued to appellees to provide uninsured motorist benefits to appellees where the policy clearly provided that all sums paid under the liability coverage of the policy would be deducted from any sums payable under the uninsured motorist coverages. We, therefore, are constrained to reverse.

The parties submitted cross-motions for summary judgment seeking declaratory relief based upon the following stipulated facts:

On September 10, 1992, Stella Pempkowski was a front-seat passenger in a vehicle driven by her husband Frank Pempkowski which was involved in an accident.

At the time of the accident, Mr. Pempkowski was [the] named insured on a policy issued by defendant, State Farm. That policy contained bodily injury limits of $25,000 per person and $50,000 per accident and uninsured motorist coverage of $15,000 per person and $30,000 per accident. Plaintiff filed a third party claim against her husband and State Farm tendered its [liability] limits of $25,000 to plaintiff.

Plaintiff then sought to recover uninsured motorist benefits under the same policy issued to her husband, claiming that the "phantom" motorist share[d] liability for the accident.

Mr. Pempkowski's insurance policy language contains a set-off provision which says that if bodily injury arises out of the use of an uninsured vehicle then any amount payable under the uninsured motorist coverage is to be reduced by the amount paid to an insured for bodily injury under the liability coverage of the policy.

The only issue is whether the set-off provision is enforceable where plaintiff is a "class-one" insured and her uninsured motorist claim is for liability of the second "phantom vehicle".

If the court finds that the set-off provision is enforceable then plaintiff is not entitled to uninsured motorist benefits.

If the court finds the set-off is not enforceable, plaintiff may recover the policy limits of $15,000 without further proof of damages.

 Our review of the decision of the trial court, which was based upon the above-recited stipulated facts, is plenary. *Keselyak v. Reach All, Inc.*, 443 Pa.Super. 71, 74–75, 660 A.2d 1350, 1352 (1995). *Accord: State Farm Mutual Auto. Insurance Co. v. Broughton*, 423 Pa.Super. 519, 521–22, 621 A.2d 654, 655 (1993) (en banc). Accordingly, we are required to determine whether, as a matter of law, the trial court erred in concluding that the set-off provision in the State Farm policy is void as violative of the public policy of this Commonwealth.

The trial court found that, although the unambiguous set-off provision contained in the limitation of liability section of the insurance agreement precluded recovery by Stella Pempkowski of uninsured motorist benefits, the clause was unenforceable since it violated the public policy of this Commonwealth. The clause at issue provides:

### Limits of Liability

1. If an **uninsured motor vehicle** causes the accident, the amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to **bodily injury** to one **person.** "**Bodily injury to one person**" includes all injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to **bodily injury** to two or more **persons** in the same accident.

\* \* \* \* \* \*

5. If the **bodily injury** arises out of the ownership, maintenance or use of:

a. an **uninsured motor vehicle**, any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:

\* \* \* \* \* \*

(2) for **bodily injury** under the liability coverage.

It is well settled that, in interpreting a contract of insurance, Pennsylvania courts are required to give effect to clearly worded provisions manifesting the intent of the parties.

> The task of interpreting a contract is generally performed by a court rather than by a jury. See *Gonzalez v. United States Steel Corp.*, 484 Pa. 277, 398 A.2d 1378 (1979); *Community College of Beaver County v. Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. See *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974). Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. See *Mohn v. American Casualty Co. of Reading*, supra. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. See *Pennsylvania Manufacturers' Ass'n Insurance Co. v. Aetna Casualty & Surety Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967).

*Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 304–05, 469 A.2d 563, 566 (1983). As our esteemed colleague Judge Donald E. Wieand observed in *Insurance Company of the State of Pennsylvania v. Hampton*, 441 Pa.Super. 382, 657 A.2d 976 (1995):

> When interpreting a contract of insurance it is necessary to consider the intent of the parties as manifested by the language of the instrument. *St. Paul Mercury Ins. Co. v. Corbett*, 428 Pa.Super. 54, 59, 630 A.2d 28, 30 (1993)(en banc), *appeal discontinued*, 535 Pa. 658, 634 A.2d 221 (1993). Where the policy language is clear, the contract will be applied as written. *Nationwide Mutual Ins. Co. v. Cummings*, 438 Pa.Super. 586, 593, 652 A.2d 1338, 1341 (1994). However, where a provision of a contract is ambiguous, it will be construed in favor of the insured. *Britamco Underwriters, Inc. v. Weiner*, 431 Pa.Super. 276, 281, 636 A.2d 649, 651 (1994), *allocatur denied*, [540] Pa. [575], 655

A.2d 508 (1994). To determine whether a contract of insurance provides coverage, the reasonable expectations of the insured must be examined. *Frain v. Keystone Ins. Co., supra.* An insured may not complain that his or her reasonable expectations were frustrated by policy provisions and limitations which are clear and unambiguous. *Britamco Underwriters, Inc. v. Grzeskiewicz, supra* [433 Pa.Super. 55] at 60, 639 A.2d [1208] at 1210. See also: *Frain v. Keystone Ins. Co., supra* [433 Pa.Super. 462] at 467, 640 A.2d [1352] at 1354.

*Insurance Company of the State of Pennsylvania v. Hampton, supra* at 385–86, 657 A.2d at 977–78.

■ The overall limitation of liability effectuated by the set-off provision in the instant policy reducing uninsured motorist benefits by any amounts paid under the liability coverage is clear and unambiguous. Accordingly, the set-off provision which operates to limit the amounts recoverable under the combined liability and uninsured motorist coverages must be enforced according to its express terms unless the clause violates the public policy of this Commonwealth as embodied in the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701 *et seq.* (hereinafter MVFRL). The eminent Supreme Court Justice John P. Flaherty recently reiterated the standard which must be met before a provision of an insurance agreement may be declared by a court to be void as contrary to public policy:

Public policy is more concrete than a general desideratum which presumably supports the legislation in question and thus forms part of the legislature's intention. Public policy is more than a vague goal which may be used to circumvent the plain meaning of a statute. Both the United States Supreme Court and this court have been unequivocal in this regard.

\* \* \* \* \* \*

It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that

a court may constitute itself the voice of the community in so declaring. There must be a positive, well-defined, universal public sentiment, deeply integrated in the customs and beliefs of the people and in their conviction of what is just and right and in the interests of the public weal.... Only in the clearest cases, therefore, may a court make an alleged public policy the basis of judicial decision.

*Mamlin v. Genoe*, 340 Pa. 320, 325, 17 A.2d 407, 409 (1941). It would be easy to state a public policy in the forbidden sense of "general considerations of supposed public interest," to elevate it to the status of unstated statutory language, thence to hold that an agency interpretation or insurance contract provision which is perfectly consistent with the plain words of the statute nonetheless violates the judicially perceived public policy and is therefore unenforceable. Although uninsured motorist coverage serves the purpose of protecting innocent victims from irresponsible uninsured motorists, that purpose does not rise to the level of a public policy overriding every other consideration of statutory construction.

*Hall v. Amica Mutual Insurance Co.*, 538 Pa. 337, 346–50, 648 A.2d 755, 760–61 (1994). *Accord: Paylor v. Hartford Insurance Co.*, 536 Pa. 583, 585, 640 A.2d 1234, 1235 (1994).

The Superior Court sitting *en banc* in *State Farm Mutual Auto. Insurance Co. v. Broughton*, 423 Pa.Super. 519, 621 A.2d 654 (1993)(en banc), found that there is no public policy violation where a policy of insurance issued pursuant to the MVFRL provides "for an insurer to reduce, dollar for dollar, the uninsured motorist coverage payments made to a guest passenger with liability coverage payments made under the same policy to the same guest passenger [where] both the host driver and another uninsured driver are jointly liable for the injuries suffered by the passenger." *State Farm v. Broughton, supra* at 520, 621 A.2d at 654.

The Superior Court also held, in *Jeffrey v. Erie Insurance Exchange*, 423 Pa.Super. 483, 621 A.2d 635 (1993)(en banc),

*allo. denied,* 537 Pa. 651, 644 A.2d 736 (1994), that it was *not* "against the public policy of this Commonwealth for an insurer to reduce, dollar for dollar, the uninsured motorist coverage payments made to a guest passenger with liability coverage payments made under [the] same policy to the same guest passenger [where] both the host driver and another uninsured driver are jointly liable for the injuries suffered by the passenger." *Jeffrey v. Erie Insurance Exchange, supra* at 486–88, 621 A.2d at 637. "Neither the UMCA[2] or the MVFRL contains a provision which either directly or by implication precludes an insurer from reducing uninsured motorist benefits by the amounts recovered under the liability portion of the same policy." *Jeffrey v. Erie Insurance Exchange, supra* at 494–95, 621 A.2d at 641.[3]

2. Act 6 contains a repealer provision which declares that "[a]ll other acts and amendments to acts are repealed insofar as they are inconsistent with this act." Act of February 7, 1990, P.L. 11, No. 6, § 31(c). Accordingly, the UMCA has been repealed insofar as it *requires* uninsured motorist coverage in contravention of section 1731 of the MVFRL.

3. Similarly, in *Insurance Company of the State of Pennsylvania v. Hampton, supra,* this Court observed that:

 The Pennsylvania courts have allowed uninsured and underinsured motorist coverage to be restricted in certain circumstances by the clear and express terms of a policy. In *Windrim v. Nationwide Ins. Co.,* 537 Pa. 129, 641 A.2d 1154 (1994), the Supreme Court held that policy language which excluded coverage for an injury suffered by an insured while driving a vehicle not covered by the policy was a valid limitation of underinsured motorist benefits.

 In *Steinbacher v. Page, supra,* the plaintiff was injured when her vehicle was struck by a Pontiac Firebird operated by the son of the defendant. The plaintiff sued the defendant's insurance carrier seeking first party benefits under a policy of insurance for which the defendant was the named insured. Although the defendant's son was also an "insured" as defined in the MVFRL, the Superior Court held that there could be no liability on the policy because the Firebird was not a "covered auto" and because the policy clearly limited first party benefits to accidents involving covered autos. *Id.* [410 Pa.Super. 586] at 589, 600 A.2d [608] at 610.

 In *St. Paul Mercury Ins. Co. v. Corbett, supra,* the Superior Court applied a similar analysis in the context of uninsured and underinsured motorist benefits. In that case, the insured, who had purchased a policy of insurance for an antique Roadster, filed a claim for uninsured motorist benefits after he had been injured while traveling in a different vehicle. The Court held that the policy did not extend uninsured or underinsured motorist coverage to the insured unless he

Appellee, however, while acknowledging the holdings of this Court in *Broughton* and *Jeffrey*, contends that the instant case is not controlled by those decisions since (1) Mrs. Pempkowski, as a class-one insured, is deemed to have paid the premiums for the uninsured motorist coverage and the set-off effectively denies her the coverage for which she paid, and (2) the set-off provision is repugnant to the restorative goal of the MVFRL.

We are not persuaded that the status of appellee as a class-one insured is alone sufficient to render the reasoning of *Broughton* and *Jeffrey* inapplicable to the instant case. Our Supreme Court in *Hart v. Nationwide Insurance Company*, 541 Pa. 419, 663 A.2d 682 (1995), in a *per curiam* order citing *Windrim v. Nationwide Insurance Company*, 537 Pa. 129, 641 A.2d 1154 (1994), reversed the decision of this Court which had held that a policy provision which excluded uninsured motorist coverage for "[b]odily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle," was void as violative of public policy. The Supreme Court found the exclusion valid despite the fact that the injured plaintiff in *Windrim* was a class-one insured.

was injured while using the Roadster. The Court distinguished between a policy covering a personal use auto, in which uninsured and underinsured motorist coverage applied to the insured while using other than the insured vehicles, and a specialty or limited use policy, in which uninsured or underinsured motorist coverage applied only when the insured was operating a covered vehicle. *Id.* at 62, 630 A.2d at 32.

Although the Court recognized that the MVFRL mandated uninsured and underinsured motorist coverage for all policies issued in the Commonwealth, it observed that such coverage could be limited to the "circumstances as provided in the clear language of the policy." *Id.* at 59, 630 A.2d at 30. The Court held that the contract language in a policy covering a special use vehicle, which limited the availability of uninsured and underinsured motorist benefits to accidents involving the covered auto, was consistent with the policy behind the MVFRL. *Id.* at 63, 630 A.2d at 32.

*Insurance Company of the State of Pennsylvania v. Hampton, supra* at 387–89, 657 A.2d at 979.

We are persuaded, moreover, that the intent of the legislature, as reflected by the Act 6 amendments to the MVFRL, which caused uninsured and underinsured motorist coverages to be optional, rather than mandatory, also militates against the public policy argument urged upon us by appellees.

A class-one passenger injured in a two-car collision may recover up to the limits of the applicable liability coverage under a policy such as the one at issue herein, based upon the negligence of the host driver. The injured passenger may also recover uninsured motorist benefits under the same policy where the applicable uninsured motorist coverage *exceeds* the amounts recovered under the liability coverage under that same policy. The set-off as applied in this case operates to preclude recovery of *any* uninsured motorist benefits by appellee oniy because the named insured purchased only $15,000 in uninsured motorist coverage.[4] As we noted in *Newkirk v. United Services Automobile Association*, 388 Pa.Super. 54, 60, 564 A.2d 1263, 1266 (1989), *allo. denied,* 528 Pa. 624, 597 A.2d 1153 (1990) while appellees, as class-one insureds paid premiums for uninsured motorist coverage, "they paid only for that coverage which is provided for in the policy.... Thus, contrary to the [appellees'] contention, the [appellees] did not pay [their insurer] for the coverage which [they are] now seeking to recover."

Thus, we are unable to conclude that the clause at issue violates the public policy of this Commonwealth where the policy of insurance, issued in conformity with the MVFRL, provides for a dollar-for-dollar reduction of the uninsured motorist coverage payments made to a class-one insured with the liability coverage payments made under the same policy to the same class-one insured where the driver of the vehicle and the driver of a phantom vehicle are jointly liable for the injuries suffered by the class-one insured passenger.

4. Since an insured may elect to purchase stacked uninsured motorist coverages in an amount equal to the liability coverage, in many instances insureds will have sufficient uninsured motorist coverages available that application of a set off clause such as the one at issue in the instant case will *not* result in the denial of all uninsured motorist benefits in circumstances such as presented here.

Similarly meritless is the contention of appellant that the set-off clause is repugnant to the restorative goal of the MVFRL.

■ The *Jeffrey* court specifically dispelled any misapprehension as to the "restorative goal" of the MVFRL and held that the aim of "maximum feasible restoration" underlying the No–Fault Act had not been carried over to the MVFRL. *Jeffrey v. Erie Insurance Exchange, supra* at 495 n. 5, 621 A.2d at 641 n. 5. While we have recognized that the MVFRL is a remedial statute which we are to liberally construe, such liberal construction does not warrant "as broad a judicial mandate to effectuate coverage as [did [5]] the 'maximum feasible restoration' principle...." *Jeffrey v. Erie Insurance Exchange, supra* at 495 n. 5, 621 A.2d at 641 n. 5. The argument presently urged upon us by appellees was rejected by this Court in *Frazier v. State Farm Mutual Automobile Insurance Co.*, 445 Pa.Super. 218, 665 A.2d 1 (1995):

**5.** We note that the model insurance agreement promulgated by the Department of Insurance also contains a set-off provision:

**Conditions**

\*　\*.　\*　\*　\*　\*

 **6. Limits of Liability**

\*　\*　\*　\*　\*　\*

(b) any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by[:]

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Bodily Injury Liability Coverage of the policy, and

(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.

(c) any payment made under this endorsement to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under the Bodily Injury Liability Coverage of the policy.

31 Pa. Code § 63.2. The interpretation of a statute, such as the MVFRL, by the administrative agency charged with its enforcement is entitled to consideration by the court. *Terminato v. Pennsylvania National Insurance Co.*, 538 Pa. 60, 71–72, 645 A.2d 1287, 1293 (1994).

In the case *sub judice*, it is clear that appellee did not fit the criteria required to be eligible for recovery of uninsured motorist benefits under the language of the policy. She cannot overcome that deficiency by reliance on the theory of "maximum feasible restoration" as that principle no longer exists in Pennsylvania jurisprudence. Therefore, the order granting her recovery of uninsured motorist benefits in reliance on the transcendent hegemony of that doctrine was error.

*Frazier v. State Farm Mutual Automobile Insurance Co.*, *supra* at 222, 665 A.2d at 3 (footnote omitted). *Accord: Nationwide Mutual Insurance Co. v. Cummings*, 438 Pa.Super. 586, 593–95, 652 A.2d 1338, 1342 (1994), *allo. denied*, 540 Pa. 650, 659 A.2d 988 (1995).

Based upon the foregoing, we find that the trial court could not, based on public policy, disregard the unambiguous set-off provision contained in the policy of insurance issued to appellees by appellant. The judgment entered in favor of appellees must, therefore, be vacated and judgment entered in favor of appellant.

Judgment vacated. Case remanded for entry of judgment in favor of appellant. Jurisdiction relinquished.