

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Nationwide Mutl Ins v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nationwide Mutl Ins v. Brown" (2007). *2007 Decisions.* Paper 1449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4480

———

NATIONWIDE MUTUAL INSURANCE COMPANY

v.

DAVID BROWN;
NICOLE BROWN

Nicole Brown,
Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-00745)
District Judge: Honorable Thomas M. Hardiman

———

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and POLLAK,* District Judge

(Filed March 21, 2007)

———

OPINION

———

_____

* Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, <u>Circuit Judge</u>.

Appellant Nicole Brown appeals from the decision of the District Court granting the motion of Appellee Nationwide Mutual Insurance Company for judgment on the pleadings rejecting Nicole Brown's claim for insurance on two of three policies she and her husband had purchased.

## I.

Nicole Brown, who was a passenger in the Harley-Davidson motorcycle which her husband David Brown owned and was operating at the time of the accident, suffered serious injuries when a black BMW allegedly forced their motorcycle across the median and into another vehicle. The driver of the BMW fled the scene and was not identified. At the time of the accident the Browns owned three vehicles: the Harley-Davidson motorcycle involved in the accident, a 1999 Jeep Wrangler, and a 1998 Ford F150. Each vehicle was insured by Nationwide under a separate policy, with each providing coverage for uninsured (UM) and underinsured (UIM) motorist benefits of up to $100,000 per person and $150,000 per occurrence.

Nationwide paid $100,000 to Nicole Brown pursuant to the liability provision of the policy covering the motorcycle. Nationwide investigated the accident and concluded that David Brown was solely responsible. The Browns, who sought to recover UM benefits under all three policies, demanded arbitration, alleging that the unidentified driver of the BMW caused the accident. Nationwide responded by filing a complaint for

2

declaratory judgment in the United States District Court for the Western District of Pennsylvania. It argued that there was no theory on which either David or Nicole Brown could make a successful UM or UIM claim and that it was entitled to judgment as a matter of law. The District Court granted Nationwide's motion, and Nicole Brown timely filed a Notice of Appeal.

## II.

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a). There are two claims remaining on Brown's counterclaim: (1) a claim alleging bad faith by Nationwide in investigating the accident as it pertains to Nicole Brown's request for uninsured motorist coverage under the policy covering the motorcycle, and (2) a claim alleging the violation of the Unfair Trade Practice and Consumer Protection Law arising from the sale of the policies to Nicole Brown. However, the District Court entered a final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to its Order granting the Motion for Judgment on the Pleadings, expressly determining that there is no just reason for delay of the appeal and certified the Order for interlocutory appeal. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

A motion for judgment on the pleadings will not be granted unless the movant clearly establishes that no material issues of fact remain unresolved, and that the movant

is entitled to a judgment as a matter of law.  Soc'y Hill Civic Ass'n v. Harris, 632 F.2d

1045, 1054 (3d Cir. 1980).  We apply the same standard of review to an order granting

judgment on the pleadings under Rule 12(c) as we do as to an order dismissing the

complaint under Rule 12(b).  See, e.g., Turbe v. Gov't of Virgin Islands, 938 F.2d 427,

428 (3d Cir. 1991); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376-77 (E.D. Pa.

1995).  Two legal issues are presented, one relating to the Household Exclusion provision

and the other relating to the set-off clause.

**A.**

The District Court adopted Nationwide's position that the "Household Exclusion"

provision, which is included in all three policies, limits recovery solely to the Harley-

Davidson policy, and precludes Nicole Brown from receiving uninsured motorist benefits

under the Jeep and Ford policies.  The household exclusion, which is included in the

policies on all three vehicles, provides that the policy's coverage does not apply to:

> 6.      Bodily injury suffered while occupying a motor vehicle owned by
> you or a relative but not insured for Uninsured Motorists coverage
> under this policy; nor to bodily injury from being hit by any such
> motor vehicle.

App. II at 6 (emphasis omitted).  The policies also provide that:

> The insuring of more than one person or vehicle under this policy does not
> increase our uninsured motorist payment limits.  In no event will any
> insured be entitled to more than the highest per person limit applicable to
> any one motor vehicle under this policy or any other policy issued by us.

Brown contends that the District Court prematurely dismissed her case because it

4

failed to consider the averments and denials in her pleadings. Brown alleges that all of the vehicles insured with Nationwide were listed on her declarations page, that she received a multi-car discount in premium, that Nationwide was aware of all three vehicles and that it was therefore able to calculate appropriate premiums. Accordingly, Brown argues that she should have had the opportunity to present and produce evidence regarding risk calculations and factors considered by Nationwide when it issued the policies to the Browns. Nationwide counters that discovery is not necessary because the terms of the two other policies make clear that the insured cannot recover for injuries sustained while occupying a separately owned and insured vehicle.

The "Household Exclusion" "is designed to exclude coverage whenever a claimant is occupying a vehicle that is owned by the claimant or a family member who resides in the same household, unless that vehicle is identified as an insured vehicle on the schedule of vehicles covered by the insurance policy that includes the uninsured motorist coverage under which the claim is made." 1 Alan I. Widiss & Jeffrey E. Thomas, Uninsured & Underinsured Motorist Coverage § 4.19A (3d ed. 2000). These provisions enable the insurer to "preclude the aggregating of two or more uninsured motorist insurance policies." Id.

The District Court relied on Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747 (Pa. 2002). In Prudential, the insured, Adam Colbert, was injured while operating a vehicle he had insured with State Farm Mutual Insurance Company. State Farm paid

5

Colbert the amount of the liability limits from the policy and also the limits of his coverage for UIM. Thereafter, Colbert made a claim for UIM benefits under a policy issued to his parents by Prudential. The Pennsylvania Supreme Court held that such recovery was barred by the terms of the household exclusion in the Prudential policy. The Court explained that:

> [n]either Adam nor his parents paid Prudential to insure his car; indeed, "the other household vehicle exclusion" in Prudential's policy expressly excluded such vehicles from coverage. Likewise, there is nothing to suggest that Adam or his parents ever disclosed Adam's vehicle to Prudential. . . . Moreover, voiding the "other household vehicle" exclusion would empower insureds to collect UIM benefits multiplied by the number of insurance policies on which they qualify as an insured, even though they only paid for UIM coverage . . . .

Id. at 754 (emphasis omitted).

In Nationwide Mutual Insurance Co. v. Riley, 352 F.3d 804 (3d Cir. 2003), this court concluded that an insurer's knowledge of the existence of other vehicles in the household would not alter the holding in Prudential. In Riley, the insured was involved in an accident and recovered under the tortfeasor's liability policy. Id. at 806. After recovering the policy limit in UIM benefits from her own insurer, Nationwide, she attempted to recover UIM benefits under the policy covering her father's vehicle, which Nationwide also insured. Nationwide denied the claim based on the household exclusion. The District Court concluded that by the terms of the household exclusion clause, Pamela was not entitled to recover under her father's policy. We affirmed, stating that to hold otherwise "would require an insurer to underwrite risks that the insured did not pay to

6

insure." Id. at 811. Because Riley's father "did not pay to insure his daughter's vehicle under his underinsured motorist policy, the exclusion is valid and she cannot recover under that policy." Id.

The District Court concluded that the Pennsylvania Supreme Court's decision in Prudential and this court's opinion in Riley preclude the Browns from recovering UM benefits from the Jeep and Ford policies. We agree.

The Browns argue that the District Court improperly concluded, without the benefit of discovery, that there was no evidence that the premium charged by Nationwide under the Ford and Jeep policies did not reflect the risk the Browns would be in an accident while riding the Harley-Davidson, or that they paid a premium for this risk. Although the discovery process would likely reveal additional information about the policies, the District Court properly concluded, as a matter of law, that pursuant to Prudential and Riley, the Browns would not be able to prove any set of facts that state a cause of action.

**B.**

Turning to the second issue, the Browns' policies contained a set-off clause providing that: "The insured may recover for bodily injury under the Auto Liability coverage or the Underinsured Motorist coverage of this policy, but not under both coverages." App. II at 6. In granting the motion for judgment on the pleadings, the District Court enforced this clause, relying on Pempkowski v. State Farm Mut. Auto. Ins.

7

Co., 678 A.2d 398 (Pa. Super. 1996). In Pempkowski, the plaintiff was injured in an accident while a passenger in a vehicle driven by her husband. Id. at 399. The Pennsylvania Superior Court held that the set-off provision was clear and unambiguous and that the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. Cons. Stat. Ann. § 1701 et seq., does not "contain[ ] a provision which either directly or by implication precludes an insurer from reducing uninsured motorist benefits by the amounts recovered under the liability portion of the same policy." Id. at 402 (internal quotation marks and citation omitted).

The District Court concluded that the facts in this case are nearly identical to those in Pempkowski. Having recovered on the liability provision of the Harley-Davidson policy, Nicole Brown now seeks to recover UM benefits under the same policy for the negligence of a "phantom vehicle." Here, as did the plaintiff in Pempkowski, Nicole Brown explicitly rejected stacked coverage and received reduced premiums as a result. The District Court was not persuaded by the Browns' argument that Nicole Brown was a named insured and actually paid for the coverage herself. The District Court explained that in this case, unlike Pempkowski, Nicole Brown was not bound by her husband's decision not to purchase stacked UM coverage or coverage in excess of the liability limit. Therefore, Nicole Brown personally decided to waive stacked UM coverage, a fact which the District Court concluded bolstered the analysis of Pempkowski.

Brown asserts that Pempkowski was erroneously decided because the

8

Pempkowskis paid premiums for uninsured insurance. The District Court was bound by Pennsylvania's interpretation of its own laws, as are we. In the <u>Pempkowski</u> opinion, the court noted that the insured chose not to purchase stacked uninsured motorist coverage. The same is true of Nicole Brown. Stacking was rejected on all three policies issued by Nationwide and accordingly the insured cannot use the UM/UIM coverage available on the other policies.

## IV.

### Conclusion

For the reasons stated herein, the judgment of the District Court is hereby affirmed.