J-A33022-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TANESHA CARTER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PEERLESS INDEMNITY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Appellee | : | No. 684 EDA 2014 |

Appeal from the Order Entered February 4, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): February Term 2013 No. 03271

BEFORE: LAZARUS, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 13, 2015**

Tanesha Carter (Carter) appeals from an order which granted the motion for summary judgment filed by Peerless Indemnity Insurance Company (Peerless). We affirm.

The background underlying this matter can be summarized as follows. Carter filed a complaint against Peerless. Therein, Carter averred that, on September 16, 2011, she was operating a vehicle she owned when a vehicle driven by Marvin Edmonds (Edmonds) collided with her vehicle. Carter further averred that Edmonds' negligence caused the accident and that she suffered serious injuries as a result of the accident. According to the complaint, Edmonds' motor vehicle insurance policy was insufficient to cover the damages Carter suffered. Carter contended that she had an automobile insurance policy with Peerless and that the policy entitled her to

_____
* Retired Senior Judge assigned to the Superior Court.

underinsured motorist (UIM) coverage. She, therefore, asserted a UIM claim against Peerless.

Carter later was deposed, and her testimony reveals that she did not own the vehicle involved in the accident; rather, she was a passenger in a third-party's vehicle at the time of the accident. Furthermore, it was not Carter, but her mother, Daphne Cox, and Mrs. Cox's husband, Bruce Cox, who had an automobile insurance policy with Peerless (policy or Cox policy). Carter sought UIM coverage under that policy.

Peerless eventually filed a motion for summary judgment. Therein, Peerless conceded that Carter was listed as a "driver" in the Cox policy. However, according to Peerless, the policy, in relevant part, only provides coverage to resident family members. Peerless maintained that, because Carter could not prove that she lived with her mother when the accident occurred, Carter is not entitled to UIM coverage under the policy.

Carter presented one issue in response to the motion for summary judgment. Carter claimed that she "is entitled to [UIM] benefits under [the Cox] policy because there was a reasonable belief that coverage would be extended to her as a listed 'driver' on [the] policy." Memorandum of Law in Support of Response to Mother for Summary Judgment, 6/27/2014, at unnumbered page 3.

The trial court granted the motion for summary judgment. Carter timely filed a notice of appeal. The trial court did not direct Carter to comply

with Pa.R.A.P. 1925(b). However, the court did issue an opinion in support of its decision to grant the motion for summary judgment.

In that opinion, the trial court addressed Carter's "reasonable-expectation-of-coverage" issue. According to the court, Carter failed to cite to any Pennsylvania case law in support of this issue. After discussing federal case law cited by Carter in support of her argument, the court determined that the "reasonable expectation" doctrine does not apply in this case. Ultimately, the court essentially held that Carter could not prove that she qualified as an "insured" as that term is utilized in the clear and unambiguous language of the policy.

In her brief to this Court, Carter asks us to consider one question, namely, "Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Peerless'] motion for summary judgment when [Carter] is entitled to UIM[] benefits?" Carter's Brief at 5 (unnecessary capitalization omitted).

We review orders granting summary judgment as follows.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the

right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

First, Carter arguably claims that she, in fact, lived with her mother at the time of the accident and, thus, qualifies as an insured "family member" under the policy. Carter's Brief at 8-9. Carter failed to raise any such issue in response to the motion for summary judgment. Thus, the claim is waived. *See Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership*, 764 A.2d 1100, 1105 (Pa. Super. 2000) ("Because, under [Pa.R.C.P.] 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them."); *see also Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa. Super. 2004) ("[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal."); Pa.R.A.P. 302(a).

The remainder of Carter's brief is devoted to renewing the claim that she presented in response to the motion for summary judgment: Whether Carter is entitled to UIM coverage because her designation as a "driver" in the Cox policy created a reasonable expectation that she was entitled to

coverage under the policy. Carter again fails to cite to any Pennsylvania case law in support of her issue. Nonetheless, we observe the following.

> This matter primarily presents the Court with an issue which requires that we interpret an insurance contract. As to the manner in which we are to accomplish such a charge, our Supreme Court has stated:
>
>> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, a court is required to give effect to that language. When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, [i]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.
>
> ***401 Fourth St., Inc. v. Investors Insurance Group***, 583 Pa. 445, 879 A.2d 166, 171 (2005) (citations and quotation marks omitted). In other words, "[g]enerally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." ***Prudential Property and Casualty Insurance Company v. Colbert***, 572 Pa. 82, 813 A.2d 747, 750 (2002)[].

***Government Employees Ins. Co. v. Ayers***, 955 A.2d 1025, 1028-29 (Pa. Super. 2008). We further note that "the interpretation of an insurance contract is a question of law, [and] our standard of review is *de novo*; thus,

we need not defer to the findings of the lower tribunals.  Our scope of review

… is plenary." ***401 Fourth St., Inc.***, 879 A.2d at 170 (citations omitted).

The Cox policy endorsement regarding UIM coverage provides, in

relevant part:

> A.  We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
>
> 1.  Sustained by an "insured"; and
>
> 2.  Caused by an accident.
>
> ***
>
> B.  "Insured" as used in this endorsement means:
>
> 1.  You or any "family member".
>
> 2.  Any other person "occupying" "your covered auto".
>
> 3.  Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

Motion for Summary Judgment, 11/27/2013, Exhibit E, at UNDERINSURED

MOTORISTS COVERAGE - PENNSYLVANIA (STACKED).  The general

provisions of the policy define "family member" as "a person related to you

by blood, marriage or adoption who is a resident of your household.  That

includes a ward or foster child." ***Id.*** at PERSONAL AUTO POLICY -

DEFINITIONS.

In a document related to the Cox policy which describes the coverage

therein, Carter is listed under "DRIVER INFORMATION."  The parties do not

- 6 -

dispute that this policy document designates Carter as a "driver." However, Carter fails to cite to any language in the policy which suggests that such a designation automatically qualifies her as an "insured" under the policy.

In fact, the policy clearly and unambiguously states that Peerless will pay compensatory damages which an "insured" is entitled to recover from the owner or operator of an underinsured vehicle. The policy then clearly spells out what "insured" means in this context. Carter's claim that she qualifies as an "insured" under this policy simply because she was designated as a "driver" does not comport with the plain language of the policy. Moreover, as Peerless points out in its brief, "[a]n insured may not complain that his or her reasonable expectations were frustrated by policy provisions and limitations which are clear and unambiguous." ***Pempkowski v. State Farm Mut. Auto. Ins. Co.***, 678 A.2d 398, 401 (Pa. Super. 1996) (citations omitted).

Carter's response to the motion for summary judgment failed to highlight a genuine issue of material fact as to whether she is entitled to UIM coverage under the Cox policy. Consequently, we can discern no error in the trial court's decision to grant the motion. For these reasons, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015